# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JASON L. EDMONSON,

                     Plaintiff,

v.

C.O. MARIAH MARCELL, C.O. J.A., CAPT. JAMES ELSINGER, JOHN KIND, MICHELLE HAESE, DYLON RADTKE, STEPHANIE HOVE, PAUL KEMPER, SARA COOPER, JOHN DOES, and MICHAEL RIVERS,

                     Defendants.

Case No. 22-CV-671-JPS

**ORDER**

      Plaintiff Jason Edmonson, an inmate confined at Green Bay Correctional Institution ("GBCI"), filed a pro se complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. ECF No. 1. Plaintiff paid the filing fee in full on June 24, 2022. Plaintiff filed an amended complaint on July 27, 2023. ECF 6. This Order screens Plaintiff's amended complaint.

1.      **FEDERAL SCREENING STANDARD**

      Under the Prison Litigation Reform Act, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether a complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

2.  **PLAINTIFF'S ALLEGATIONS**[1]

Plaintiff alleges that on October 22, 2021, he had an accident in his cell that spilled dishwater onto his cell wall and floor. ECF No. 6 at 4. The

---

[1] The Court notes that Plaintiff's handwriting is at times difficult to read. The Court uses its best efforts and judgment to discern Plaintiff's allegations.

dishwater spilled in front of his cell and onto Defendant Mariah Marcell ("Marcell") while she was escorting other inmates. *Id.* When Marcell felt the water land on her she yelled, "What did you just throw at me?" *Id.* Plaintiff responded that he did not throw anything. *Id.* Marcell responded, "What did you put on me?" *Id.* Plaintiff responded that he did not put anything on Marcell. *Id.* Marcell then asked, "What is this that's on me right now?" *Id.* Plaintiff responded that it was water. *Id.* Marcell filed a false conduct report about this incident. *Id.* at 5. In the conduct report Marcell described assumptions, included lies, and omitted facts about the incident. *Id.* Plaintiff was placed in segregation and charged with the major offense—Assault on Employee. *Id.*

On October 31, 2021, Plaintiff filled out a Witness/Evidence form for his hearing, requesting all camera footage of the incident and Marcell and Lt. Paul as witnesses. *Id.* Plaintiff turned in the form to Defendant Officer J.A. ("J.A."), who signed and dated the form but gave it back to Plaintiff to pick up later. J.A. never returned to pick up the form and it became misplaced. *Id.*

During Plaintiff's disciplinary hearing on November 8, 2021, Plaintiff informed Defendant Elsinger ("Elsinger") that the incident was an accident involving water, that Marcell made false statements about witnessing him throwing anything, and that J.A. failed to turn in his witness/evidence form needed to prove his innocence. *Id.* at 6. Elsinger found Plaintiff guilty and sentenced Plaintiff to 120 days segregation, regardless of DOC policy 303.88 that requires staff to adhere to procedural requirements. *Id.* Marcell and J.A.'s actions were not harmless and substantially affected Plaintiff's ability to provide a defense. *Id.*

Brooks was the Plaintiff's advocate and provided no assistance during the hearing or after. *Id.* Elsinger failed to provide Plaintiff a copy of the decision needed for his appeal. Defendant Kind authorized Elsinger's decision. *Id.* On January 3, 2022, Plaintiff wrote Defendant Radtke and asked him to intervene based on Marcell and J.A.'s harmful error and Elsinger botching his appeal. *Id.* at 7. Radtke declined. *Id.*

While unknown Defendant officers had Plaintiff's personal property, approximately $780.00 of his electronics became damaged and his other property went missing. *Id.* These officers failed to inventory Plaintiff's electronics as damaged and returned them to Plaintiff. *Id.* Plaintiff received a contraband disposition for having the damaged property in his possession. *Id.*

Plaintiff alleges that GBCI staff made a pattern of unconstitutional behavior in regard to his complaint. *Id.* Defendants Haese, Hove, Kemper, Cooper, and Rivers knew of the objectively cruel conditions at GBCI and failed to remedy them. *Id.* at 8. Plaintiff exhausted his administrative remedies for all claims and all defendants. *Id.*

3. **ANALYSIS**

First, Plaintiff may not proceed on a Fourteenth Amendment claim for a deprivation of liberty without due process against any defendants. A prisoner challenging the process he was afforded in a prison disciplinary proceeding must meet two requirements: (1) he has a liberty or property interest that the state has interfered with; and (2) the procedures he was afforded upon that deprivation were constitutionally deficient. *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007) (citing *Rowe v. DeBruyn*, 17 F.3d 1047, 1053 (7th Cir. 1994)).

"A prisoner's liberty interest, and incumbent entitlement to procedural due process protections, generally extends only to freedom from deprivations that 'impose[ ] atypical and significant hardship on the inmate in relation to the ordinary incidents of prisoner life." *Lekas v. Briley*, 405 F.3d 602, 608 (7th Cir. 2005) (quoting *Sandin v. Conner*, 515 U.S. 472, 483–84 (1995)). In the absence of an "atypical and significant" deprivation, the procedural protections of the Due Process Clause are not triggered. *Id.* Disciplinary segregation can trigger due process protections. *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697 (7th Cir. 2009) (citations omitted). When making the determination whether an inmate is entitled to such protections, courts analyze "the combined import of the duration of the segregative confinement and the conditions endured by the prisoner during that period." *Id.* If conditions in segregation are significantly harsher than those in the normal prison environment, then a liberty interest may arise even when the duration of the segregation, standing alone, would not trigger such an interest. *Id.* at 697–98. On the one hand, "six months of segregation is 'not such an extreme term' and, standing alone, would not trigger due process rights." *Id.* at 698 (quoting *Whitford v. Boglino*, 63 F.3d 527, 533 (7th Cir. 1995)). On the other end of the spectrum, transfer to a maximum-security prison and placement in segregated confinement for an indefinite duration where virtually all sensory and environmental stimuli are denied, little human contact is permitted, and prisoners otherwise eligible for parole are disqualified from parole eligibility, taken together, impose an atypical and significant hardship within the correctional context. *Id.* at 697 (citing *Wilkinson v. Austin*, 549 U.S. 209, 224 (2005)).

Once a liberty or property interest has been invoked, the Court looks to what process was due. Prison disciplinary hearings satisfy procedural

due process requirements where an inmate is provided: (1) written notice of the charge against the prisoner twenty four (24) hours prior to the hearing; (2) the right to appear in person before an impartial body; (3) the right to call witnesses and to present physical/documentary evidence, but only when doing so will not unduly jeopardize the safety of the institution or correctional goals; and (4) a written statement of the reasons for the action taken against the prisoner. *See Wolff v. McDonnell*, 418 U.S. 539, 563–69 (1974); *Cain v. Lane*, 857 F.2d 1139, 1145 (7th Cir. 1988). Not only must the requirements of *Wolff* be satisfied, but the decision of the disciplinary hearing board must be supported by "some evidence." *Black v. Lane*, 22 F.3d 1395, 1402 (7th Cir. 1994).

Here, Plaintiff does not provide any details regarding the conditions of his 120 days spent in segregation as a result of this disciplinary hearing. Plaintiff alleges no facts for the Court to determine that he suffered an atypical and significant deprivation. Accordingly, based on the allegations in Plaintiff's complaint, the Court cannot determine that Plaintiff had a protected liberty interest in remaining in general population. As such, Plaintiff may not proceed on a due process claim.

Second, Plaintiff may not proceed on a due process claim for the deprivation of his property. The Fourteenth Amendment prohibits a state from depriving "any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. To claim these protections, plaintiffs must first allege a protected liberty or property interest at stake. *Averhart v. Tutsie*, 618 F.2d 479, 480 (7th Cir. 1980). Here, Plaintiff alleges a property interest in not having his personal property damaged or taken.

However, Plaintiff had remedies under state law to address his concerns, even after he filed inmate complaints. *See West v. Berge*, No. 05-C-

37-C, 2005 WL 503819, at *4 (W.D. Wis. Feb. 28, 2005) (dismissing claim for unauthorized deduction from prisoner's account because prisoner had adequate remedies under Wisconsin statutes). By statute, Wisconsin affords procedures that can address random, unauthorized deprivations of property by government officers and officials. *See* Wis. Stat. § 893.35 (action to recover personal property after wrongful taking, conversion, or wrongful detention); § 893.51 (action for damages resulting from wrongful taking, conversion, or wrongful detention of personal property); § 893.52 (action for damages from injury to property); *see also Hamlin v. Vaudenberg*, 95 F.3d 580, 585 (7th Cir. 1996) (inmate-complaint review system, certiorari review under Wisconsin law, and Wisconsin tort remedies are adequate remedies for deprivation of good-time credits by prison officials); *Wolf–Lillie v. Sonquist*, 699 F.2d 864, 871 (7th Cir. 1983) (Wisconsin tort remedies are adequate for deprivation of property resulting from sheriff's execution of outdated writ of restitution). Plaintiff has not suggested that Wisconsin's post-deprivation, statutory remedies are inadequate to redress his loss. As such, he has failed to state a viable due process claim for the loss of his property.

The Court will allow Plaintiff the opportunity to file an amended complaint on or before **September 21, 2023.** When writing his amended complaint, Plaintiff should provide the Court with enough facts to answer the following questions: (1) Who violated his constitutional rights?; (2) What did each person do to violate his rights?; (3) Where did each person violate his rights?; and (4) When did each person violate his rights? Plaintiff's amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the

Court and each Defendant with notice of what each Defendant allegedly did or did not do to violate his rights.

The Court is enclosing a copy of its amended complaint form and instructions. Plaintiff must list all of the defendants in the caption of his amended complaint. He should use the spaces on pages two and three to allege the key facts that give rise to the claims he wishes to bring, and to describe which defendants he/she believes committed the violations that relate to each claim. If the space is not enough, Plaintiff may use up to five additional sheets of paper. The amended complaint takes the place of the prior complaint and must be complete, without reference to his prior complaint.

Plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted). If the amended complaint is received, it will become the operative complaint in this action, and the Court will screen it in accordance with 28 U.S.C. § 1915A.

4. **CONCLUSION**

Accordingly,

**IT IS ORDERED** that the amended complaint fails to state a claim;

**IT IS FURTHER ORDERED** that Plaintiff may file a second amended complaint that complies with the instructions in this Order on or before **September 21, 2023**. If Plaintiff files a second amended complaint by

the deadline, the Court will screen that complaint under 28 U.S.C. § 1915A. If Plaintiff does not file a second amended complaint by the deadline, the Court will dismiss this case based on his failure to state a claim in his amended complaint and will issue him a "strike" under 28 U.S.C. § 1915(g);

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a blank prisoner amended complaint form and a copy of the guides entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions," along with this Order.

Dated at Milwaukee, Wisconsin, this 30th day of August, 2023.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

---

Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202
>
> **DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.
>
> Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.