# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JASON L. EDMONSON,<br><br>                 Plaintiff,<br>v.<br><br>C.O. MARIAH MARCELL, C.O. J.A., CAPT. JAMES ELSINGER, JOHN KIND, MICHELLE HAESE, DYLON RADTKE, STEPHANIE HOVE, PAUL KEMPER, SARA COOPER, JOHN DOES, and MICHAEL RIVERS,<br><br>                 Defendants. | Case No. 22-CV-671-JPS<br><br>**ORDER** |

Plaintiff Jason Edmonson, an inmate confined at Green Bay Correctional Institution ("GBCI"), filed a pro se complaint under 42 U.S.C. § 1983 alleging that his constitutional rights were violated. ECF No. 1. On August 30, 2023, the Court screened Plaintiff's amended complaint, found that it failed to state a claim, and allowed Plaintiff the opportunity to file a second amended complaint. ECF No. 7. This Order screens Plaintiff's second amended complaint, ECF No. 8.

1.     **SCREENING THE SECOND AMENDED COMPLAINT**

    1.1     **Federal Screening Standard**

Under the Prison Litigation Reform Act, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief

may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether a complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 1.2 Plaintiff's Allegations

Plaintiff alleges that on October 22, 2021, he had an accident in his cell that spilled dishwater onto his cell wall and floor. ECF No. 8 at 4. The dishwater spilled in front of his cell and onto Defendant Mariah Marcell

Page 2 of 9
Case 2:22-cv-00671-JPS   Filed 10/24/23   Page 2 of 9   Document 9

("Marcell") while she was escorting other inmates. *Id.* When Marcell felt the water land on her she yelled, "What did you just throw at me?" *Id.* Plaintiff responded that he did not throw anything. *Id.* Marcell responded, "What did you put on me?" *Id.* Plaintiff responded that he did not put anything on Marcell. *Id.* Marcell then asked, "What is this that's on me right now?" *Id.* Plaintiff responded that it was water. *Id.* Marcell filed a false conduct report about this incident. *Id.* at 5. In the conduct report Marcell described assumptions, included lies, and omitted facts about the incident. *Id.* Plaintiff was placed in segregation and charged with the major offense—Assault on Employee. *Id.*

On October 31, 2021, Plaintiff filled out a Witness/Evidence form for his hearing, requesting all camera footage of the incident and Marcell and Lt. Paul as witnesses. *Id.* Plaintiff turned in the form to Defendant Officer J.A. ("J.A."), who signed and dated the form but gave it back to Plaintiff to pick up later. J.A. never returned to pick up the form and it became misplaced. *Id.*

During Plaintiff's disciplinary hearing on November 8, 2021, Plaintiff informed Defendant Elsinger ("Elsinger") that the incident was an accident involving water, that Marcell made false statements about witnessing him throwing anything, and that J.A. failed to turn in his witness/evidence form needed to prove his innocence. *Id.* at 6. Elsinger found Plaintiff guilty and sentenced Plaintiff to 120 days segregation, regardless of DOC policy 303.88 that requires staff to adhere to procedural requirements. *Id.* Marcell and J.A.'s actions were not harmless and substantially affected Plaintiff's ability to provide a defense. *Id.*

Plaintiff's staff advocate provided no assistance. *Id.* Elsinger failed to provide Plaintiff a copy of the decision needed for his appeal. Defendant

Kind ("Kind") authorized Elsinger's decision. *Id.* On January 3, 2022, Plaintiff wrote Defendant Radtke ("Radtke") and asked him to intervene based on Marcell and J.A.'s harmful error and Elsinger botching his appeal. *Id.* at 7. Radtke declined. *Id.*

While unknown Defendant officers had Plaintiff's personal property, approximately $780.00 of his electronics became damaged and his other property went missing. *Id.* These officers failed to inventory Plaintiff's electronics as damaged and returned them to Plaintiff. *Id.* Plaintiff received a contraband disposition for having the damaged property in his possession. *Id.* Plaintiff believes that Marcell, Officer J.A., Brooks, Elsinger, and the unknown officers retaliated against him for having the accident, contesting the disposition, and for bringing this action. *Id.*

Plaintiff alleges that GBCI staff made a pattern of unconstitutional behavior regarding his complaint. *Id.* Defendants Haese, Hove, Kemper, Cooper, and Rivers knew of the objectively cruel conditions at GBCI and failed to remedy them. *Id.* at 8. Plaintiff exhausted his administrative remedies for all claims and all defendants. *Id.*

### 1.3     Analysis

First, Plaintiff may not proceed on a Fourteenth Amendment claim for a deprivation of liberty without due process against any defendants. A prisoner challenging the process he was afforded in a prison disciplinary proceeding must meet two requirements: (1) he has a liberty or property interest that the state has interfered with; and (2) the procedures he was afforded upon that deprivation were constitutionally deficient. *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007) (citing *Rowe v. DeBruyn*, 17 F.3d 1047, 1053 (7th Cir. 1994)).

Page 4 of 9
Case 2:22-cv-00671-JPS     Filed 10/24/23     Page 4 of 9     Document 9

"A prisoner's liberty interest, and incumbent entitlement to procedural due process protections, generally extends only to freedom from deprivations that 'impose[ ] atypical and significant hardship on the inmate in relation to the ordinary incidents of prisoner life." *Lekas v. Briley*, 405 F.3d 602, 608 (7th Cir. 2005) (quoting *Sandin v. Conner*, 515 U.S. 472, 483–84 (1995)). In the absence of an "atypical and significant" deprivation, the procedural protections of the Due Process Clause are not triggered. *Id.* Disciplinary segregation can trigger due process protections. *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697 (7th Cir. 2009) (citations omitted). When making the determination whether an inmate is entitled to such protections, courts analyze "the combined import of the duration of the segregative confinement and the conditions endured by the prisoner during that period." *Id.* If conditions in segregation are significantly harsher than those in the normal prison environment, then a liberty interest may arise even when the duration of the segregation, standing alone, would not trigger such an interest. *Id.* at 697–98. On the one hand, "six months of segregation is 'not such an extreme term' and, standing alone, would not trigger due process rights." *Id.* at 698 (quoting *Whitford v. Boglino*, 63 F.3d 527, 533 (7th Cir. 1995)). On the other end of the spectrum, transfer to a maximum-security prison and placement in segregated confinement for an indefinite duration where virtually all sensory and environmental stimuli are denied, little human contact is permitted, and prisoners otherwise eligible for parole are disqualified from parole eligibility, taken together, impose an atypical and significant hardship within the correctional context. *Id.* at 697 (citing *Wilkinson v. Austin*, 549 U.S. 209, 224 (2005)).

Once a liberty or property interest has been invoked, the Court looks to what process was due. Prison disciplinary hearings satisfy procedural

due process requirements where an inmate is provided: (1) written notice of the charge against the prisoner twenty four (24) hours prior to the hearing; (2) the right to appear in person before an impartial body; (3) the right to call witnesses and to present physical/documentary evidence, but only when doing so will not unduly jeopardize the safety of the institution or correctional goals; and (4) a written statement of the reasons for the action taken against the prisoner. *See Wolff v. McDonnell*, 418 U.S. 539, 563–69 (1974); *Cain v. Lane*, 857 F.2d 1139, 1145 (7th Cir. 1988). Not only must the requirements of *Wolff* be satisfied, but the decision of the disciplinary hearing board must be supported by "some evidence." *Black v. Lane*, 22 F.3d 1395, 1402 (7th Cir. 1994).

Here, Plaintiff's second amended complaint fails to address the issues the Court previously identified in its initial screening order. Again, Plaintiff does not provide any details regarding the conditions of his 120 days spent in segregation as a result of this disciplinary hearing. Plaintiff alleges no facts for the Court to determine that he suffered an atypical and significant deprivation. Accordingly, based on the allegations in Plaintiff's second complaint, the Court cannot determine that Plaintiff had a protected liberty interest in remaining in general population. As such, Plaintiff may not proceed on a due process claim.

Second, Plaintiff may not proceed on a due process claim for the deprivation of his property. The Fourteenth Amendment prohibits a state from depriving "any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. To claim these protections, plaintiffs must first allege a protected liberty or property interest at stake. *Averhart v. Tutsie*, 618 F.2d 479, 480 (7th Cir. 1980). Here, Plaintiff alleges a property interest in not having his personal property damaged or taken.

However, Plaintiff had remedies under state law to address his concerns, even after he filed inmate complaints. *See West v. Berge*, No. 05-C-37-C, 2005 WL 503819, at *4 (W.D. Wis. Feb. 28, 2005) (dismissing claim for unauthorized deduction from prisoner's account because prisoner had adequate remedies under Wisconsin statutes). By statute, Wisconsin affords procedures that can address random, unauthorized deprivations of property by government officers and officials. *See* Wis. Stat. § 893.35 (action to recover personal property after wrongful taking, conversion, or wrongful detention); § 893.51 (action for damages resulting from wrongful taking, conversion, or wrongful detention of personal property); § 893.52 (action for damages from injury to property); *see also Hamlin v. Vaudenberg*, 95 F.3d 580, 585 (7th Cir. 1996) (inmate-complaint review system, certiorari review under Wisconsin law, and Wisconsin tort remedies are adequate remedies for deprivation of good-time credits by prison officials); *Wolf–Lillie v. Sonquist*, 699 F.2d 864, 871 (7th Cir. 1983) (Wisconsin tort remedies are adequate for deprivation of property resulting from sheriff's execution of outdated writ of restitution). Plaintiff has not suggested that Wisconsin's post-deprivation, statutory remedies are inadequate to redress his loss. As such, he has failed to state a viable due process claim for the loss of his property.

Third, Plaintiff may not proceed on a First Amendment retaliation claim. To prevail on a First Amendment claim, Plaintiff must ultimately show that: "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation likely to deter such activity; and (3) the First Amendment activity was at least a motivating factor in the decision to impose the deprivation." *Hawkins v. Mitchell*, 756 F.3d 983, 996 (7th Cir. 2014).

Here, Plaintiff generally alleges that Marcell, Officer J.A., Brooks, Elsinger, and the unknown officers retaliated against him for having the accident, contesting the disposition, and for bringing this action. *Id.* First, Plaintiff having his water accident was not an activity protected by the First Amendment. Second, as to the alleged retaliation for challenging his conduct report or for bringing this action, none of Plaintiff's factual allegations suggests that any of Defendants' actions were motivated in any way by his First Amendment activities. As such, the Court finds that Plaintiff may not proceed on a First Amendment retaliation claim.

## 2. CONCLUSION

In sum, the Court finds that the second amended complaint fails to state a claim upon which relief may be granted. The Court has allowed Plaintiff multiple opportunities to amend his complaint and has provided guidance as to how Plaintiff may successfully do so. As such, the Court finds that further amendment would be futile, and the Court will accordingly dismiss this action for Plaintiff's failure to state a claim.

Accordingly,

**IT IS FURTHER ORDERED** that this case be and the same is hereby **DISMISSED** under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) because the second amended complaint fails to state a claim; and

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g).

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 24th day of October, 2023.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under limited circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.